Picard v. Charron                    CV-98-434-M    01/04/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Warren Picard,
      Plaintiff

      v.                                    Civil No. 98-434-M
                                            Opinion No. 2000 DNH 003
Gene Charron, Superintendent
Rockingham County Department
of Corrections,
      Defendant


                          **O R D E R**


      Plaintiff claims that defendant, acting in his official

capacity, violated his First Amendment right to religious freedom

and his Fourth Amendment right to procedural due process when he

was placed into disciplinary lockup (without a hearing) after he

refused to allow correctional officials to cut his hair.  See 42

U.S.C. § 1983.  He says that he is a Native American, for whom

long hair is religiously and culturally significant.


      Defendant has moved for summary judgment, asserting that

plaintiff has failed to establish that any of his constitutional

rights were violated or, even assuming such a violation, that it was the product of any unconstitutional municipal custom or policy. See generally Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Although he has responded to other (more recent) filings by defendant, see Plaintiff's letter dated November 1, 1999 (document no. 22), plaintiff has not objected to defendant's motion for summary judgment (which has been pending for over three months). Consequently, the court takes as admitted defendant's statement of material facts. See Defendant's memorandum (document no. 20) at 2-4.

## Discussion

Claims against individuals in their "official capacity" in § 1983 suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)). In order to prevail against defendant with regard to his § 1983 claim, plaintiff must establish that: (a) defendant

violated his constitutionally protected rights; and (b) the defendant's conduct either implemented or was undertaken pursuant to an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the County's] officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To carry his burden with regard to the second element, plaintiff must establish that:

> through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997) (emphasis in original). See also Roma Construction Co. v. aRusso, 96 F.3d 566, 575 (1st Cir. 1996).

A.    Plaintiff's First Amendment Claim.

The Supreme Court has made clear that inmates' First Amendment rights necessarily yield when they can reasonably be viewed as conflicting with legitimate penological goals. And, in

3

considering the constitutionality of the defendant's policy of placing into disciplinary lockup those inmates who refuse to submit themselves for a hair cut, the court necessarily employs a deferential standard of review.

> [W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. In our view, such a standard is necessary if prison administrators . . ., and not the courts, are to make the difficult judgments concerning institutional operations.

Turner v. Safley, 482 U.S. at 89 (citation and internal quotation marks omitted).

By neglecting to object to defendant's motion for summary judgment, plaintiff has failed to demonstrate the existence of any genuine issues of material fact which would preclude the entry of summary judgment in favor of defendant. He has, for example, failed to refute defendant's contention that the state has a compelling security interest in mandating that all inmates wear short hair. See generally O'Lone v. Estate of Shabazz 482

4

U.S. 342, 348 (1987).  See also Affidavit of defendant Gene Charron, Exhibit 3 to defendant's memorandum.  Nor has plaintiff demonstrated that his First Amendment rights were actually violated by defendant's alleged conduct.  See, e.g., Harris v. Chapman, 97 F.3d 499, 503-04 (11th Cir. 1996) (holding that prison regulation governing length of inmates' hair did not violate either the First Amendment or the Religious Freedom Restoration Act of 1993); Hamilton v. Schriro, 74 F.3d 1545, 1551 ("We have previously applied the Turner factors to an American Indian prisoner's claim that hair length regulations violated his constitutionally guaranteed right to free exercise of religion and concluded that such a regulation passes constitutional muster.") (8th Cir. 1996); Scott v. Mississippi Dept. of Corrections, 961 F.2d 77, 80-82 (5th Cir. 1992) (holding that prison's hair grooming regulations did not unlawfully violate inmates' First Amendment rights).

B.    Plaintiff's Fourth Amendment Claim.

Finally, as to his due process claim, plaintiff has failed

to demonstrate that any state-created or constitutionally protected liberty interest was violated when, after refusing to submit himself for a hair cut, he was denied the privilege of walking about freely in the dayroom (without being denied any other privileges). See generally, Sandin v. Conner, 515 U.S. 472 (1995). See also Dominique v. Weld, 73 F.3d 1156, 1159-60 (1st Cir. 1996)(holding that prisoner transferred from work-release to a medium security facility had no liberty interest which would entitle him to due process before the work-release privilege was revoked).

## Conclusion

In light of the foregoing, defendant is entitled to judgment as a matter of law. His motion for summary judgment (document no. 20) is, therefore, granted. The Clerk of the Court shall enter judgment in accordance with the terms of this order and close the case.

**SO ORDERED.**

_____

6

                              Steven J. McAuliffe
                              United States District Judge

January 4, 2000

cc:   Warren Picard
      Donald E. Gardner, Esq.